# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

**WILLIE FREEMAN,**

> **Plaintiff,**

**vs.**                                    **CASE NO.:** 3:15-cv-56-TCB

**PROFESSIONAL TRANSPORTATION    INC.,    a Foreign for Profit Corporation,**

_____**Defendant.**_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, WILLIE FREEMAN (hereinafter referred to as the "Plaintiff"), by and through undersigned counsel, and hereby sues the Defendant, PROFESSIONAL TRANSPORTATION, INC. (hereinafter referred to as the "Defendant"), and allege as follows:

## INTRODUCTION

1.      This is an action by the Plaintiff against his former employer for unpaid overtime compensation, minimum wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Additionally, Plaintiff seeks an action under common law unjust enrichment.

2.     This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.  This action also includes a claim under common law unjust enrichment.

## JURISDICTION

3.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA.

4.     Defendant is a Foreign for Profit corporation that operates and conducts business in, among others, Troup County, Georgia; and is therefore, within the jurisdiction of this Court.

## VENUE

5.     The venue of this Court over this controversy is proper based upon the claim arising in Troup County, Georgia.

## FACTS

6.     Defendant, Professional Transportation, Inc., is part of United Companies, headquartered in Evansville, Indiana. PTI has local offices in each state in which it conducts business operations, including in Troup County, Georgia.

7.      Defendant, Professional Transportation, Inc., specializes in Crew Transportation throughout the continental United States.

8.      Crew Transportation is the process of driving railroad train crews from point to point. These railroad crews need transportation to get to their starting point as well as brought back home after their route is complete. Much like a shuttle service, Defendant receives around-the-clock requests from their railroad customers to pick up and drop off train crews. Defendant's drivers transport the crews to their destinations. Taking place thousands of times a day, these trips can range from a few miles to a few hundred miles.

9.      Plaintiff worked as "driver" for the Defendant and performed related activities in Troup County, Georgia.

10.     In this capacity, Plaintiff was responsible for driving railroad train crews from point A to point B.

11.     Plaintiff worked for the Defendant from approximately September 13, 2012 through March 24, 2013.

12.     Plaintiff's compensation was $7.79 per hour plus $0.14 per mile.

13.     Plaintiff worked overtime hours on a weekly basis during his period of employment.

14.    Despite working more than forty hours per week, Plaintiff was not paid all compensation for hours worked over forty within a work week.

15.    Plaintiff was also required to be on-call ("schedules call time') from 2:00 am to 2:00 pm.

16.    Plaintiff performed "off the clock" work on a weekly basis.

17.    Plaintiff worked multiple hours without compensation, and was therefore not paid at least full minimum wage for all hours worked during one or more work weeks.

18.    Defendant was aware of the additional hours worked without compensation.

19.    Defendant was unjustly enriched by accepting the benefit and value of Plaintiff's work time spent on-call without compensation for this work time.

20.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COVERAGE

21.    At all material times relevant to this action (2012-2015), Defendant, PROFESSIONAL TRANSPORTATION, INC., was an

enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

22.    At all material times relevant to this action (2012-2015), Defendant, PROFESSIONAL TRANSPORTATION, INC., made gross earnings of at least $500,000 annually.

23.    At all material times relevant to this action (2012-2015), Defendant, PROFESSIONAL TRANSPORTATION, INC., accepted payments from customers based on credit cards issued by out of state banks.

24.    At all material times relevant to this action (2012-2015), Defendant, PROFESSIONAL TRANSPORTATION, INC., routinely ordered materials or supplies from out of state. (i.e. vehicles, dispatcher equipment, office supplies and equipment).

25.    At all material times relevant to this action (2012-2015), Defendant, PROFESSIONAL TRANSPORTATION, INC., had 2 or more employees, including Plaintiffs, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. Defendant's branch locations include: ALABAMA, ARKANSAS, COLORADO, DELAWARE, GEORGIA, GEORGIA, IDAHO, ILLINOIS, INDIANA, IOWA, KANSAS, KENTUCKY,

LOUISIANNA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSISSIPPI, MISSOURI, MONTANA, JERSEY, NEW YORK, NORTH CAROLINA, NORTH DAKOTA, NEVADA, OHIO, OKLAHOMA, OREGON, PENNSYLVANIA, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, TEXAS, UTAH, VIRGINIA, WASHINGTON, WASHINGTON D.C., WEST VIRGINIA, WISCONSIN and WYOMING.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27.    Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

28.    During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half time compensation for the same.

29.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work

weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30.    Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

31.    Also, Defendant failed to post required FLSA informational listings as required by law.

32.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

34.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

35.    Plaintiff is/was entitled to be paid minimum wage for each hour

worked during his employment with Defendant.

36.   During his employment with Defendant, Plaintiff worked several hours per week without compensation and was therefore not paid at least full minimum wage for all hours worked during one or more work weeks.

37.   Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate him for the same.  As a result of Defendant's actions in this regard, Plaintiff has not been paid minimum wages for all hours worked during one or more weeks of their employment with Defendant.

38.   Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

39.   As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

40.   Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - UNJUST ENRICHMENT

41.    Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-25.

42.    This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form part of the same case or controversy and arise out of a common nucleus of operative facts as his overtime wage claim.

43.    Plaintiff performed work while waiting on-call to receive jobs.

44.    Plaintiff was not compensated for all of the work performed while on-call.

45.    Plaintiff seeks compensation for the time spent performing work while on-call to the extent that these hours cannot be captured as part of his overtime claim in Count One, because the addition of these work hours may be less than forty (40) hours within a single work week.

46.    Defendant accepted Plaintiff's on-call work and this work was valuable to Defendant, but Defendant did not compensate Plaintiff for this work.

47.    Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff without proper compensation. It would be unjust to

allow Defendant to enjoy the fruits of the Plaintiff's labor without proper compensation.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all unpaid regular hours at the regular rate of pay for the hours worked by him for which Defendant failed to compensate, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

Dated this ___1st___ day of April, 2015.

Respectfully submitted by,

Deirdre M. Stephens, Esquire
GABN: 678789
The Law Office of Deidre M.
Stephens-Johnson
4567 Rockbridge Rd #1537
Pine Lake, GA 30072
Telephone: (404) 537-3002
Facsimile: (404) 537-3003
Email: dsjohnsonlaw@gmail.com
*Attorneys for Plaintiff*

CVL/rwm
2371922