UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| WILLIE FREEMAN,<br><br>            Plaintiff,<br><br>v.<br><br>PROFESSIONAL TRANSPORTATION, INC. A Foreign for Profit Corporation,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO:<br>)  3:15-cv-56-TCB<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, WILLIE FREEMAN, and Defendant, PROFESSIONAL TRANSPORTATION, INC. hereby request approval of the Parties' executed Settlement Agreement.[1] Because one of the claims in Plaintiff's action arises under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court. A proposed order is attached as Exhibit B.

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer

---

[1] The Parties have voluntarily entered into a settlement agreement to resolve all claims and issues between them, including the instant lawsuit under the FLSA. A copy of the settlement agreement is attached as Exhibit A.

to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the fairness of the settlement.  *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's

FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff and Defendant were represented by experienced counsel.

The Parties agreed that the instant action involved disputed issues. For example, Plaintiff's complaint alleges a claim for unpaid wages and overtime under the FLSA. Defendant contends, however, that during Mr. Freeman's employment Defendant fully paid Mr. Freeman for all wages (including overtime) owed for all hours worked in relation to his employment with Defendant, and Defendant denies that it owed any further amounts as alleged in this lawsuit. Nevertheless, to avoid the expenses, distractions, and uncertainties associated with litigation, the Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions and mediation, based upon their independent interests and calculations. The Parties, through their attorneys and with the assistance of a skilled mediator, voluntarily agreed to the terms of their settlement during negotiations. The Parties also resolved Plaintiff's recovery separate and apart from attorney's fees/costs. All Parties

were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II. Conclusion

The parties respectfully request that this Court approve their Settlement Agreement and dismiss the instant action as well as any and all other pending claims between them with prejudice.

RESPECTFULLY SUBMITTED, this 15th day of December 2015.


COUNSEL FOR PLAINTIFFS:

s/ Carlos V. Leach_____
Carlos V. Leach, Esq.
Florida Bar No. 0540021
Admitted *Pro Hac Vice*
Morgan & Morgan, P.A.
191 Peachtree Street, N.E.
Suite 4200
Atlanta, Georgia 30303
Tel.: 404-965-8811

/s/ Diedre M. Stephens
Deirdre M. Stephens, Esquire
GABN: 678789
The Law Office of Deidre M. Stephens-Johnson
4567 Rockbridge Rd #1537
Pine Lake, GA 30072-1914
Telephone: (404) 537-3002
Facsimile: (404) 537-3003
Email: dsjohnsonlaw@gmail.com

COUNSEL FOR DEFENDANTS:

/s/C. Garner Sanford, Jr._____
C. Garner Sanford, Jr.
Georgia Bar No. 005020
garner.sanford@ogletreedeakins.com
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
191 Peachtree Street N.E.
Suite 4800
Atlanta, Georgia 30303
Tel.:  404-881-1300
Fax:  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

23268954.1